**Signed: November 03, 2009**



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                                No. 09-46608 TG
                                     Chapter 13
LESLIE PATRICE BARNES MARKS,

        Debtor.
_____/
LESLIE PATRICE BARNES MARKS,         A.P. No. 09-4307 AT

        Plaintiff,

   vs.

OCWEN LOAN SERVICING, LLC,

        Defendant.
_____/
```

**MEMORANDUM OF DECISION**

Defendant Ocwen Loan Servicing, LLC ("Ocwen") moved to dismiss the first amended complaint (the "Complaint") in the above-captioned adversary proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. The motion was opposed by the plaintiff Leslie Patrice Barnes Marks (the "Debtor"). The Debtor filed a motion for leave to file a second amended complaint

and a proposed second amended complaint.  Ocwen filed an opposition to the Debtor's motion.  The motions came on for hearing on October 8, 2009.  Appearances were stated on the record.  At the conclusion of the hearing, the Court took the motions under submission.  Having considered the evidence presented and argument made, for the reasons stated below, the Court concludes that Ocwen's motion should be granted and that the Debtor's motion should be denied.

**SUMMARY OF FACTS AND PROCEDURAL HISTORY**

On July 23, 2009, the Debtor filed a petition seeking relief under chapter 13 of the Bankruptcy Code, thereby commencing the above-captioned case.  On the same day, she filed a complaint against Ocwen, thereby commencing this adversary proceeding.  She filed an amended complaint (i.e., the Complaint) on July 28, 2009.  On August 19, 2009, Ocwen filed a timely motion to dismiss the Complaint on the ground that the claims asserted therein were barred by res judicata.  On September 2, 2009, the Debtor filed a motion for leave to file a second amended complaint and a proposed second amended complaint.  Both motions were opposed.

The Complaint concerns a secured claim (the "Secured Claim") encumbering the Debtor's real property (the "Property").  The Complaint begins with a series of factual allegations, i.e., that Ocwen acquired the Secured Claim fraudulently, that it unlawfully charged the Debtor late fees, that it never serviced the Secured Claim, that it threatened to foreclose on the Property without any right to do so, that it harassed the Debtor and made false representations to her in an attempt to acquire the Property, that it

2

has failed to provide the original note to prove it is the holder, that it has made false reports to credit bureaus that the loan is in "good standing," that it has failed to place insurance on the Property, and that it has refused to provide the Debtor with monthly statements.

The Complaint asserts three claims for relief, which incorporate the above factual allegations by reference: (1) fraud and misrepresentation, (2) fraudulent transfer, and (3) quiet title. The claim for fraud and misrepresentation alleges that Ocwen engaged in actions and made representations that were false and fraudulent and were intended to induce the Debtor to convey title to the Property to Ocwen and upon which she relied. The nature of the actions and representations is not specified except by reference to the factual allegations described above.

The claim for fraudulent transfer alleges that Ocwen has unlawfully attempted to convert the Property to its own use based on false and fraudulent representations, despite the fact that the Debtor has rescinded the loan. As a result of the rescission, the Debtor alleges, Ocwen's claim has become wholly unsecured. The claim for quiet title alleges that the Debtor owns fee title to the Property. The prayer asks the Court to determine that Ocwen has no claim against the Property, to strip off the unsecured portion of Ocwen's lien, to ensure that the Debtor suffers no liability as a

3

result of the lien stripping, and to order Ocwen to remove all derogatory credit references from the three credit bureaus.[1]

Ocwen's motion to dismiss asserts that these claims are barred by res judicata. Ocwen asserts that, in 2007, the Debtor filed a complaint against Ocwen in the United States District Court for the Northern District of California (the "District Court Action"). The complaint in the District Court Action involved the same facts and asserted similar legal claims based on those facts. The District Court gave the Debtor several opportunities to amend the complaint to state a viable claim against Ocwen before dismissing the District Court Action with prejudice on April 10, 2009. The Debtor did not appeal the dismissal order.

Ocwen's motion is supported by a Request for Judicial Notice (the "RJN") to which are attached copies of the following documents filed in the District Court Action: (1) the Debtor's Second Amended Complaint in the District Court Action (the "Second Amended District Court Complaint"), (2) the District Court's Order granting Ocwen's motion for judgment on the pleadings, and (3) the District Court's Judgment dismissing the Second Amended District Court Complaint with prejudice. The Second Amended District Court Complaint asserted six claims as follows: (1) Fraud/Intentional Misrepresentation, (2)

---

[1] The Debtor's motion for leave to file a second amended complaint in the bankruptcy court seeks to add DB Structured Products ("DB") as an additional defendant. DB was also a defendant in the District Court Action. The proposed second amended complaint (the "Second Amended Bankruptcy Court Complaint") lists five claims: (1) violation of RESPA, (2) conversion, (3) unjust enrichment, (4) negligence, and (5) intentional infliction of emotional distress.

4

Negligent Misrepresentation, (3) Negligence/Professional Malpractice, (4) Violation of Truth in Lending Act, (5) Violation of Real Estate Settlement Procedures Act, and (6) Violation of Business and Professions Code § 17200 et seq.

The key factual recitals in the Second Amended District Court Complaint alleged that, in December 2005, the Debtor was induced by a brokerage subsidiary of New Century Mortgage Corporation ("New Century") to replace the existing mortgage on the Property with a new mortgage in favor of New Century--i.e., the Secured Claim--by false representations as to the interest rate and monthly payments. In 2006, the Debtor filed a lawsuit against New Century based on these misrepresentations. However, the lawsuit was stayed when New Century filed for bankruptcy in April 2007.

The Second Amended District Court Complaint further alleged that New Century unlawfully transferred the Secured Claim in March 2007, on the eve of its bankruptcy filing. It alleged that Ocwen was either the original assignee of the Secured Claim or was the loan servicer for the assignee. As such, it alleged, Ocwen was liable for the misconduct by New Century and its brokerage subsidiary.

The Order granting Ocwen's motion for judgment on the pleadings and denying the Debtor's request for leave to file a third amended complaint found that, shortly before New Century's bankruptcy, the Secured Claim was transferred to a third party other than Ocwen and that Ocwen acquired the servicing rights for the Secured Claim. It recited that the Debtor's original complaint asserted four claims for relief: (1) Fraudulent Misrepresenation, (2) Truth in Lending Act

5

("TILA"), (3) Federal Real Estate Settlement Procedures Act ("RESPA"), and (4) Section 17200 of the California Business and Professions Code ("B & P Code").  It recited that the District Court granted the defendants' first motion to dismiss with leave to amend.

The Order further stated that the prior complaint (the "First Amended District Court Complaint") realleged the original four causes of action and added claims for Negligence and Professional Malpractice, and Negligent Misrepresentation.  The District Court granted the defendants' second motion to dismiss in part, dismissing the claims under TILA, RESPA, and for negligence and professional malpractice, again with leave to amend.  The B & P Code claim was dismissed on the ground that it sought an improper remedy.  The District Court declined to dismiss the Debtor's fraud claim at that time.

The Second Amended District Court Complaint alleged the same claims as the First Amended District Court Complaint.  The defendants again moved to dismiss and the Debtor responded by filing a request for leave to file a third amended complaint (the "Third Amended District Court Complaint").  The Order addressed each of the claims asserted in the Second Amended District Court Complaint separately.

With respect to the TILA claim, the Order noted that, as Ocwen argued in support of its motion to dismiss, TILA exempts loan servicers.  While the District Court granted leave to amend this claim with respect to the other defendant, the leave to amend did not apply to the claim against Ocwen.

6

With respect to the RESPA claims, which alleged the failure of New Century to give proper notice of the assignment, the Order noted that the District Court previously held that defendants could not be held liable for New Century's failure to give proper notice. Since RESPA also requires the assignee to give notice of the assignment, the District Court gave the Debtor leave to amend the claim to allege that defendants had not given the notice they were required to provide. The Order noted that neither the Second Amended District Court Complaint nor the proposed Third Amended District Court Complaint contained such an allegation. In addition, defendants alleged that they had given the required notice and provided the District Court with a copy of the notice.

With respect to the claims for intentional and negligent misrepresentation, the Order noted that, in dismissing the First Amended District Court Complaint with leave to amend these claims, the Court had found that all of the alleged misrepresentations were made before the assignment of the loan. In order to hold the defendants liable for the misrepresentations, the complaint would have had to allege that defendants were closely connected to New Century and its brokerage subsidiary. The Second Amended District Court Complaint failed to make any such allegations. The District Court noted in a footnote that the proposed Third Amended District Court Complaint also failed to contain any such allegations. Moreover, the Order noted that the allegations of misrepresentations were insufficiently specific.

7

With respect to the claims for Negligence and Professional Malpractice, the Order noted that, in dismissing the First Amended District Court Complaint, the District Court had observed that no relationship between the Debtor and the defendants was alleged that would give rise to a duty, the breach of which would give rise to a claim for negligence or professional malpractice. The Second Amended District Court Complaint did not remedy this deficiency. Again, in a footnote, the District Court noted that the proposed Third Amended District Court Complaint abandonned this claim.

With respect to the B & P Code claim, the Order noted that the District Court previously dismissed this claim based on the Debtor's prayer for an improper remedy, but permitted the claim to be amended to permit a prayer for a proper remedy. However, the success of the claim depended on the Debtor asserting viable claims against Ocwen under RESPA and for intentional and negligent representation. The Second Amended District Court Complaint failed to assert such a claim. Thus, the B & P Code claim was also insufficient regardless of the remedy sought.

Addressing the Debtor's request for leave to file a Third Amended District Court Complaint, the District Court noted that the Third Amended District Court Complaint proposed to add claims for fraudulent conveyance, civil conspiracy, violation of the Fair Credit Reporting Act ("FCRA"), violation of the Lenders and Servicers Licensing Act ("LSLA"), breach of fiduciary duty in servicing the Secured Claim, and quiet title. The District Court denied the Debtor's request for leave to file the Third Amended District Court

8

Complaint, concluding that permitting the Debtor to allege these new causes of action would be futile.

With respect to the claim for fraudulent conveyance, the District Court found that the proposed Third Amended District Court Complaint failed to state a viable claim. The District Court noted that a claim to avoid a fraudulent conveyance seeks to undo a transfer by a debtor to shield property from creditors. The fraudulent conveyance alleged by the proposed Third Amended District Court Complaint was the transfer of the Secured Claim by New Century to defendants. Among other reasons stated, the District Court found that the claim alleged was not viable because the Debtor was not a creditor with standing to bring such a claim.

With respect to the claim for civil conspiracy, the Order noted that the proposed Third Amended District Court Complaint alleged that the defendants conspired to deprive the Debtor of her right to equal protection in that subprime lenders have routinely preyed on minority borrowers. The Order recited the statutory provision upon which such a claim is necessarily based: i.e., 42 U.S.C. § 1985(3). It noted that the allegations underlying the Debtor's claim for civil conspiracy in the proposed Third Amended District Court Complaint were conclusory, containing no specific facts demonstrating that subprime lenders have preyed on minorities in general or on her in particular. Additionally, the claim did not allege that the defendants conspired with New Century or its subsidiary brokerage when the loan was made.

9

With respect to the claim for the FCRA violation, the Order notes that, in the proposed Third Amended District Court Complaint, the Debtor alleged that the defendants violated FCRA by making negative credit reports within 60 days of acquiring her loan. The District Court concluded that the allegations of the proposed Third Amended District Court Complaint were insufficiently specific to state a claim under FCRA and that, given the Debtor's litigation history, it would be futile to allow her to amend this claim further.

With respect to the claim for violation of LSLA, the Order noted that the proposed Third Amended District Court Complaint alleged that defendants violated the LSLA because she never received copies of the closing documents on her loan as well as other documents required to be provided when a loan secured by a mortgage is made. The District Court noted that this type of claim applies to the loan originator-- i.e., New Century--not to an entity that subsequently acquired the Secured Claim or its servicer.

With respect to the third party claim for breach of fiduciary duty, the Order noted that the proposed Third Amended District Court Complaint alleged that defendants breached their fiduciary duty to her by seeking to benefit from loan servicing without providing any loan servicing. The District Court noted that the Debtor previously made similar allegations, although she styled them as claims for negligence and professional malpractice. The District Court dismissed the claims when previously alleged on the ground that the allegations did not establish that the defendants owed the Debtor a duty of care. The Order stated that the same rationale applies to

10

the claim asserted as a breach of fiduciary duty. The District Court concluded that it would be futile to allow the Debtor to amend the Second Amended District Court Complaint to add this claim.

Finally, with respect to the quiet title claim, the Order recited the elements of such a claim. The District Court found that the claim as alleged in the proposed Third Amended District Court Complaint was deficient in two respects. First, it failed to allege any adverse claim to ownership of the Property. Second, the proposed Third Amended District Court Complaint stated, in conclusory fashion, that defendants wrongfully claimed an interest in the Property, without specifying what interest was claimed or how it was adverse to her ownership claim. For the reasons stated earlier, the District Court found that it would be futile to allow the Debtor to amend the Second Amended District Court Complaint by adding this claim.

In conclusion, the Order indicated that the Debtor's request for leave to file the proposed Third Amended District Court Complaint would be denied. On the same date the Order was signed, the Court signed a judgment, granting the motion for judgment on the pleadings in favor of Ocwen and the other defendant and dismissing the District Court Action with prejudice.

**DISCUSSION**

Ocwen moves to dismiss the claims asserted in the Complaint on the ground that, based on the rulings made in the District Court Action, they are barred by the doctrine of res judicata. Such a dismissal would necessarily be with prejudice. Ocwen opposes the

Debtor's motion for leave to file the Second Amended Bankruptcy Court Complaint on the same ground.

Res judicata is a phrase used to refer to two distinct doctrines: i.e., claim preclusion and issue preclusion. Taylor v. Sturgell, 128 S. Ct. 2161, 2171 (2008). The doctrine upon which Ocwen relies is claim preclusion. Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes parties or their privies from religitating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). There are three elements to a successful claim preclusion defense: (1) an identity of claims, (2) an identity of parties, and (3) a final judgment on the merits. Tahoe Sierra Preservation Council, Inc. V. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). Each of these elements is satisfied here. Thus, Ocwen's motion to dismiss should be granted.

For purposes of claim preclusion, claims are identical when the claims asserted in the two actions arise from the "same transactional nucleus of facts." Id., at 1078. Two actions arise from the "same transactional nucleus of fcts" if they are related in time, space, and origin. A party may not avoid the preclusive effect of claim preclusion "by attaching a different legal label to an issue that has, or could have, been litigated" in the previous action. Id. at 1077-78.

In this proceeding, as summarized above, the Complaint clearly asserts claims that arose from the same transactional nucleus of facts as those asserted in the District Court Action. Both actions

12

assert claims arising from alleged misconduct by New Century and its brokerage subsidiary, for which Ocwen is asserted to be liable, and claims arising from alleged misconduct by Ocwen itself in connection with the Secured Claim. It is of no consequence that the Debtor may be asserting new theories of recovery in the proceeding herein. Moreover, she is not. Each of the three claims for relief included in the Complaint were at one time or another asserted, or proposed to be asserted, in the District Court Action. Therefore, the identity of claims element of claim preclusion is satisfied.

The other two elements are even more clearly satisfied. The Debtor and Ocwen were parties to the District Court Action. Moreover, the judgment entered in the District Court Action, dismissing the Second Amended Complaint with prejudice, is final. The Debtor did not appeal it.

The Debtor's opposition to Ocwen's motion to dismiss raises no serious issues. She attaches rulings from a separate district court action that she filed against a different defendant in which she obtained a default judgment. She also attaches one of the orders in the District Court Action, granting in part and denying in part one of defendants' prior motions to dismiss.

The Debtor blames her lack of success in the District Court Action on the attorney representing her at the time. The time for challenging the ruling by the District Court is past, and this is the wrong court in which to do so. The Debtor does not dispute that the claims asserted in this proceeding were, or could have been, asserted in the District Court Action and arise from the same transactional

13

nucleus of facts. Neither does she dispute that the same parties were involved or that judgment entered therein is final. As a result, the doctrine of res judicata or claim preclusion bars the assertion of the claims in the Complaint.

The same rationale applies to the Debtor's motion for leave to file the Second Amended Bankruptcy Court Complaint. Some of the claims asserted in the proposed Second Amended Bankruptcy Court Complaint were asserted in the District Court Action; some were not. However, all are based on the same transactional nucleus of facts. Therefore, the doctrine of claim preclusion bars their being asserted now in this court. The Debtor's attempt to distinguish the factual nature of the claims alleged in the proposed Second Amended Bankruptcy Court Complaint is of no avail. Claim preclusion bars relitigation of claims that were *or could have been* asserted in the prior action.

**CONCLUSION**

The claims asserted in the Complaint are barred by res judicata based on the final judgment in the District Court Action. Consequently, Ocwen's motion to dismiss will be granted with prejudice. For the same reason, the Debtor's motion for leave to file the Second Amended Bankruptcy Court Complaint will be denied. Counsel for Ocwen is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

```
 1                           COURT SERVICE LIST
 2   Leslie Patrice Barnes Marks
     3099 Sutter Street
 3   Oakland, CA 94602-2840
 4
     Eric D. Houser
 5   Law Offices of Houser and Allison
     9970 Research Dr.
 6   Irvine, CA 92618
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```